UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KIMBERLY CREEL                                CIVIL ACTION NO. 07-1299

versus                                        JUDGE STAGG

BRIDGESTONE FIRESTONE NORTH                   MAGISTRATE JUDGE HORNSBY
AMERICAN TIRE, LLC, ET AL

**MEMORANDUM ORDER**

Kimberly Creel filed suit in state court against several Defendants and alleged that they were liable for damages caused by an automobile accident. Defendants Ford Motor Company and Bridgestone Firestone North America, LLC ("Bridgestone") removed the case based on an assertion of diversity jurisdiction. They acknowledge that Plaintiff and some other named Defendants share Louisiana citizenship, but they allege that the Louisiana Defendants were improperly joined.

Plaintiff is alleged to be a citizen of Louisiana. Ford Motor Company alleges that it is incorporated in Delaware and has its principal place of business in Michigan. Those allegations of citizenship are sufficient, but Firestone's allegations of its citizenship are not sufficient to ensure the existence of a basis for the exercise of diversity jurisdiction over this case.

Firestone is identified in the petition and notice of removal as an LLC, or limited liability company. Firestone states, however, in the citizenship portion of its notice of

removal that it "is a *corporation* organized under the laws of a state other than Louisiana with its principal place of business in the State of Tennessee." (emphasis added) (Doc. 1, ¶ 6).

If Firestone is, as its name suggests, a limited liability company, its state of organization and principal place of business are not relevant to its citizenship. The citizenship of an LLC is the same as the citizenship of its members. To satisfy its burden as a removing party to establish a factual basis for the exercise of diversity jurisdiction, Firestone must identify and set forth the citizenship of each member of the LLC. If members are themselves entities or associations, the citizenship must be traced through however many layers of members there may be, and failure to do so can result in dismissal for want of jurisdiction. See Shreveport Group, LLC v. Zurich North American Ins. Co., 206 WL 1523203 (W. D. La. 2006); Masion v. Liberty Mut. Ins. Co., 2006 WL 1675378 (W.D. La. 2006). The task may seem onerous in some cases, but several cases removed to this court have been found lacking in subject matter jurisdiction after the court insisted on a detailed pleading of citizenship. It is best to resolve such issues early in the case.

Firestone will be permitted until **August 31, 2007** to file an **Amended Notice of Removal** to address the issues noted above. If Firestone contends that it truly is a corporation despite the "LLC" in its name, it should offer a detailed explanation and identify its state of incorporation.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of August, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE